GAUDIN, Judge.
A to Z Paper Company, Inc. filed suit on an open account in the 29th Judicial District Court against Chem Can Corporation, alleging $2,087.42 was due on two unpaid invoices. Chem Can answered, contending that plaintiff’s merchandise “... was defective and therefore there was a failure of consideration ...” and that delivery was not timely.
Following trial, the district judge dismissed A to Z’s demands, stating:
“... Chem Can Corporation has sufficiently carried the burden of proof required to establish the affirmative defense of setoff ...”
On appeal, A to Z contends that the trial judge erred (1) in permitting evidence in support of an affirmative defense not pleaded and (2) in finding that any credit was due Chem Can that would extinguish the debt it owed A to Z.
We agree with A to Z’s second allegation and reverse the judgment in Chem Can’s favor. While we do not rule on the merits of appellant’s first contention, we acknowledge that it has considerable substance.
Only two witnesses testified at the trial, Edward Colgan, Chem Can’s general manager, and Edwin Palmer, A to Z’s owner.
Several years prior to the time this proceeding was instituted, A to Z and Chem Can orally contracted whereby A to Z was to supply Chem Can with a particular brand of toilet tissue, Valey. Palmer explained that this type tissue wasn’t always readily available from the Valey factory, and at one point in time Mr. Colgan said A to Z supplied what he called “outlaw paper”, i.e., paper on smaller rolls than Valey came on. This required, Mr. Colgan explained, Chem Can’s personnel to “... service these cans ...” two or three times a week instead of weekly with the larger Valey rolls. Mr. Colgan said, “We were led to believe that we were going to get a credit.”
Mr. Colgan couldn’t specifically identify the A to Z employee who said Chem Can would get a credit. Mr. Colgan could only identify that person as “... the representative, whoever answers the phone at A to Z Paper.”
Further, Mr. Colgan testified that he hadn’t paid the two sued-on invoices because he was not given any credit for having used the “outlaw paper.” However, when the “outlaw paper” was delivered, Chem Can paid for it; it wasn’t until the last deliveries of Valey paper were made that Chem Can refused to pay.
Mr. Palmer said that A to Z had never received any complaints about the so-called “outlaw paper,” which, according to Mr. Palmer, was manufactured by Safeway. Mr. Palmer was asked if he or anyone else had said Chem Can would be given any kind of credit, and he replied, “Positively not.” The first he heard of any credit, Mr. Palmer said, was on the morning of this trial.
Before filing suit, A to Z’s attorney had, on January 8, 1983, written to Chem Can asking for payment, but Chem Can did not respond in writing or in any other fashion. If Chem Can felt it was due a credit, it did not then make this possibility known to A to Z.
*972 While we do not normally change a trial judge’s factual determination, we find here that he was clearly wrong in concluding that Chem Can, by and through Colgan’s mostly self-serving testimony, had proven by a preponderance of the evidence that it was entitled to a setoff. No documentary evidence was offered in support of Col-gan’s credit-claiming assertions and certainly Palmer’s testimony was at least as straightforward and credible as Colgan’s.
Accordingly, we reverse the judgment in favor of Chem Can dismissing A'to Z’s demands, and we render judgment in favor of A to Z Páper Co., Inc. and against Chem Can Corporation in the full sum of $2,087.42, plus legal interest as prayed for in the original petition and for 25 per cent attorney fees on both the principal amount and interest due. Appellee is to pay all district court costs and the costs of this appeal.
REVERSED AND RENDERED.